FILED'08 JUL 16 15:40 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JESSE ALAN DENT,                                    CV 07-1775-MA

            Petitioner,                       OPINION AND ORDER

      v.

J.E. THOMAS,
Warden, FCI-Sheridan,

            Respondent.


      JESSE ALAN DENT
      Federal Register Number 32974-086
      Federal Correctional Institution
      PO Box 5000
      Sheridan, OR  97378-5000

            Petitioner, *Pro Se*

      KARIN J. IMMERGUT
      United States Attorney
      SCOTT ERIK ASPHAUG
      Assistant United States Attorney
      United States Attorney's Office
      District of Oregon
      1000 SW Third Avenue, Suite 600
      Portland, OR  97204-2902

            Attorneys for Respondent

MARSH, Judge:

1- OPINION AND ORDER

Petitioner, an inmate in the custody of the Federal Bureau
of Prisons (BOP), currently housed at the Federal Correctional
Institution (FCI) in Sheridan, Oregon, brings this Petition for a
Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

On June 3, 2004 the Honorable Franklin D. Burgess of the
United States District Court for the Western District of
Washington, sentenced Petitioner to 7 years imprisonment, 5 years
supervised release, and $7,198 in restitution after Petitioner
pleaded guilty to one count of Armed Bank Robbery in violation of
18 U.S.C. §§ 2113(a) and (d), and one count of Using a Firearm
during a Crime of Violence in violation of 18 U.S.C. §
924(c)(1)(A)(ii).

On November 30, 2007 Petitioner filed a Petition for Writ of
Habeas Corpus Pursuant to 28 U.S.C. § 2241 (#2), and a Motion for
Appointment of Counsel (#3) in this Court.  According to
Petitioner, when he arrived at FCI Sheridan the BOP began
unlawfully withdrawing quarterly payments of $25 from his prison
bank account, pursuant to the Inmate Financial Responsibility
Program (IFRP).  *See* 28 C.F.R. § 545.10, *et seq.*  Petitioner
requests this Court issue a Writ of Habeas Corpus commanding
Respondent to cease collecting any restitution payments from him
on the basis that the BOP does not have authority to require him

2- OPINION AND ORDER

to pay his restitution because the sentencing court did not fix a restitution payment schedule for his period of imprisonment.

On January 30, 2008 Respondent filed a Response captioned "Respondent's Motion to Dismiss Petitioner's Writ of Habeas Corpus Filed under 28 U.S.C. § 2241 In the Alternative, Respondent's Answer" (#11), which he later withdrew (#13), and refiled on February 8, 2008 with the amended caption "Respondent's Amended Answer to Petitioner's Writ of Habeas Corpus Filed Under 28 U.S.C. § 2241" (#15). Respondent contends that the BOP does have authority to collect restitution payments from Petitioner because the sentencing order says the full restitution amount is "due immediately," and in any event Petitioner is actually making restitution payments voluntarily, notwithstanding his averments to the contrary.

On February 26, 2008 Petitioner filed a Reply to Respondent's Answer (#18) stating that he "did not voluntarily agree to comply with the IFRP payments" and only made payments to avoid being identified as IFRP non-compliant, and the attendant consequences of that designation (*See* 28 C.F.R. § 545.11(d)).

## DISCUSSION

First, as in *West v. Thomas*, 2008 WL 2704460 (D. Or. July 2, 2008), I credit as true this Petitioner's testimony that he does not wish to make payments toward his restitution sentence

3- OPINION AND ORDER

voluntarily.

Second, before turning to the facts of this case a point of clarification is in order regarding the legal question presented here and in other cases like this one.  The question is not whether the sentencing order "runs afoul of the holding in *Gunning*" by not setting a restitution payment schedule, as Respondent continues to frame it.  The validity of the sentencing order is not under review.  The question is whether the BOP's act of collecting restitution payments from prisoners whose sentencing order does not set a schedule for payment of restitution during imprisonment runs afoul of *Gunning*.  Here again, the answer to that question is, "Yes."

Judge Burgess did not set a payment schedule for payment of restitution during Petitioner's imprisonment, as required by *U.S. v. Gunning*, 401 F. 3d 1145, 1150 (9th Cir. 2005)(*Gunning II*), in order for the BOP to lawfully collect restitution payments from prisoners.  The sentencing order, captioned "Judgment in a Criminal Case", contains many references to Petitioner's restitution sentence, such as on the "Supervised Release" page, which contains a boilerplate paragraph stating that Petitioner must pay any unpaid restitution balance at the commencement of his term of supervised release "in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment."  The "Additional Conditions of Supervision" page

4- OPINION AND ORDER

refers to restitution, stating that the full amount sentenced is
"due immediately" and that Petitioner's co-defendant is jointly
and severally liable, and that any unpaid amount "is to be paid
during the period of supervision as directed by defendant's U.S.
Probation Officer."  The "Criminal Monetary Penalties" sheet
lists the victim to whom restitution is to be made, in addition
to stating that interest is waived, but it does not contain a
payment schedule of any kind.  Another page, titled "Schedule of
Payments" contains a checked box next to the words "PAYMENT IS
DUE IMMEDIATELY.  Any unpaid amount shall be paid..." below which
are three sentences with boxes next to them, none of them
checked, setting out different payment options.  The only other
box checked on this page is next to the words, "Special
instructions regarding the payment of criminal monetary
penalties" below which appear boilerplate sentences about where
to direct payment, and instructing defendants to pay more than
the minimum amount set by the payment schedule whenever possible,
and to inform the court of any change in financial circumstances.

     In summary, I find that the sentencing order did not set a
schedule for payment of restitution during Petitioner's term of
imprisonment.  Accordingly, the BOP did not have authority to
collect restitution payments from Petitioner, or to sanction him
for not making restitution payments by withholding the benefits
of otherwise satisfactory participation in the IFRP.

5- OPINION AND ORDER

## CONCLUSION

Based on the foregoing, Petitioner's habeas corpus petition (#2) is GRANTED, and the BOP is ordered to designate Petitioner "IFRP Exempt." All other outstanding motions are denied as moot.

IT IS SO ORDERED.

DATED this /6 day of July, 2008.

*Malcolm F Marsh*

Malcolm F. Marsh
United States District Judge

6- OPINION AND ORDER